# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NEILS H. LAUERSON,  :
:
   Petitioner,  :
: CIVIL ACTION NO. 3:06-cv-00720
   v.  :
:
ALBERTO GONZALES, U.S. Attorney  : (JUDGE CAPUTO)
General; U.S. DEPARTMENT OF  :
JUSTICE AND HOMELAND  :
SECURITY; JOHNATHAN MINOR,  :
Warden LSCI Allenwood,  :
:
   Respondents.  :

## MEMORANDUM

Presently before the Court is Niels Lauersen's ("Petitioner") pro se Emergency Petition for Writ of Habeas Corpus asking the Court to stop the Respondents from holding him in custody after his release from prison on April 18, 2006. (Doc.1.) Court will deny the present petition because Petitioner failed to exhaust all other avenues of relief as required for a 28 U.S.C. § 2441 writ. On February 14, 2006, for the same reason, the Court denied Petitioner's Emergency Writ of Mandamus asking the Court to stop the execution of the January 18, 2006 removal order. *Lauerson v. Durling,* No. 06-00286 (M.D. Pa. Feb. 14, 2006).

Petitioner contends that he is NON-DEPORTABLE while his criminal case is on direct appeal. (Doc.1 at 1) (emphasis in original). An alien seeking habeas review of a final order of deportation must exhaust the administrative remedies afforded him before the court may properly exercise jurisdiction. *Duvall v. Elwood*, 336 F.3d 228, 230 (3d Cir. 2003); *see also Galvis-Vasquez v. Dept. of Justice,* No. 2:04-CV-1041, 2004 WL 834729 (E.D. Pa. Apr. 8, 2004). The threshold administrative remedy required for exhaustion is filing an appeal of the

Immigration Judge's ("IJ") order of removal with the Board of Immigration Appeals ("BIA"). *Alleyetne v. INS*, 879 F.2d 1177, 1182 (3d Cir. 1989). Failure to do so constitutes a failure to exhaust.

In Petitioner's Petition for Writ of Mandamus, he stated that on January 18, 2006, U.S. IJ Durling issued an order that the Petitioner be removed to Denmark on the grounds that he is guilty of an aggravated felony under INA §§ 101(a)(43)(M)(i), (S) and (U). *Lauerson*, No.06-00286. Petitioner had not claimed that he appealed the IJ's decision or filed any motion to reconsider. *Id.* Under 8 U.S.C. § 1229a(c)(6)(A)-(C), Petitioner is permitted to file one motion to reconsider his order of removal, within thirty (30) days of the entry of the final order. The Court has stated that the decision of the IJ must be appealed to the BIA prior to any request for judicial review.

In the instant matter, the Petitioner, in his Petition for Writ of Habeas Corpus, only states that he is "awaiting the results of several Immigration Appeals." (Doc.1 at 1.) Petitioner's failure to exhaust the available administrative remedies deprives the Court of jurisdiction to address the merits of the petition. Accordingly, the Court will dismiss the petition for lack of jurisdiction.

Moreover, as noted in my previous opinion, even once all appeals have been taken and decided, 8 U.S.C. § 1252(a)(2)(C) provides that "no court shall have jurisdiction to review any final order of removal against any alien who is removable by reason of having committed criminal offenses covered in" certain sections of Title 8. (West 2005); *see also Calcano-Martinez v. INS,* 533 U.S. 348 (2001).

2

    An appropriate Order follows.

June 2, 2006                                                 /s/ A. Richard Caputo  
Date                                                     A. Richard Caputo  
                                                          United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEILS H. LAUERSON, : | |
| : | |
| Petitioner, : | |
| : | CIVIL ACTION NO. 3:06-cv-00720 |
| v. : | |
| : | |
| ALBERTO GONZALES, U.S. Attorney : | (JUDGE CAPUTO) |
| General; U.S. DEPARTMENT OF : | |
| JUSTICE AND HOMELAND : | |
| SECURITY; JOHNATHAN MINOR, : | |
| Warden LSCI Allenwood, : | |
| : | |
| Respondents. : | |

## ORDER

**NOW**, this 2nd day of June, 2006, **IT IS HEREBY ORDERED THAT** Petitioner Niels Lauersen's Emergency Writ of Habeas Corpus asking the Court to prevent Respondents from holding him in custody after his release from prison on April 18, 2006 (Doc. 1) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

4